UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROL KLINE,

    Plaintiff,

v.

FIDELITY INVESTMENTS
INSTITUTIONAL OPERATIONS
COMPANY,

    Defendant.
                                      /

Case No. 07-13368

Honorable Nancy G. Edmunds

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT [12]**

This matter is before the Court on Defendant Fidelity Investments Institutional Operations Company, Inc. ("Fidelity")'s motion to dismiss and/or for summary judgment. Defendant's motion presents two issues: (1) whether Plaintiff's state-law breach of contract and negligent performance of contract claims are preempted by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, *et seq.*; and (2) whether Defendant Fidelity can be held personally liable to Plaintiff, a former ERISA plan participant and beneficiary,[1] under ERISA for the loss in investment income allegedly caused by Defendant Fidelity's negligence in processing her requested certificate for

---

[1]Plaintiff's counsel conceded at the February 6, 2008 hearing on this motion that, at the time she filed her lawsuit and at all times relevant to the claims asserted therein, Plaintiff was no longer a plan participant or beneficiary under her former employer's ERISA-governed ESOP/401k plan.

Compuware stock that was rolled out of her ESOP/401k plan at Compuware (along with all benefits held in that ERISA plan) upon her retirement in June 2005.

For the reasons stated below, Defendant's motion is GRANTED. Plaintiff's state-law claims are preempted by ERISA, and she fails to state a claim for relief under ERISA for breach of a fiduciary duty. *See Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134 (1985).

**I.     Facts**

Plaintiff retired from Compuware in June 2005. In conjunction with her retirement, Plaintiff requested a rollout of all assets held in her ESOP/401k Plan at Compuware ("the ERISA plan"), including the rollout of 3,095 shares of Compuware stock. Plaintiff alleges that, because Defendant Fidelity was the custodian of Plaintiff's shares of Compuware stock held in her ERISA plan provided by her employer, it was a fiduciary under that Plan.

Plaintiff further alleges that, despite her directions to Fidelity, it incorrectly titled her stock certificate, lost the incorrect certificate, re-issued more incorrect certificates and thus prevented her new account custodian from accepting the stock certificate. It was not until late in 2006 that another entity succeeded in providing Plaintiff with a correctly titled stock certificate. Plaintiff claims that Defendant Fidelity committed various acts of negligence in processing her stock certificate and these constitute (1) a breach of her ERISA contract with her employer; (2) negligent performance of its duties under that ERISA contract; and (3) a breach of its fiduciary duty owed to her under her ERISA plan with her employer. As a result, Plaintiff claims that she suffered money damages composed of two elements: (1) the decrease in value of her Compuware stock from the date she requested the stock certificate to the date she received a correctly titled certificate; and (2) the investment

2

income she allegedly lost because of her delayed ability to reinvest the proceeds of the sale of her rolled-out Compuware stock into other investments. (Pl.'s First Am. Compl.)

## II. Standard of Review

### A. Standard for Motion to Dismiss

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12 (b) (6) tests the sufficiency of a Complaint. In a light most favorable to Plaintiff, the court must assume that Plaintiff's factual allegations are true and determine whether the Complaint states a valid claim for relief. *See Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996); *Forest v. United States Postal Serv.*, 97 F.3d 137, 139 (6th Cir. 1996). This standard of review "'requires more than the bare assertion of legal conclusions.'" *In re Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir. 1997) (quoting *Columbia Natural Resources, Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The Complaint must include direct or indirect allegations "respecting all the material elements to sustain a recovery under *some* viable legal theory." *See In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citations omitted).

As observed by the Sixth Circuit, the Supreme Court recently clarified what a plaintiff must plead to survive a Rule 12(b)(6) motion to dismiss. *Assoc. of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955 (2007)). Specifically, it rejected the standard announced in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

> The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." [*Twombly*, 127 S. Ct.] at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual

> allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 127 S. Ct. at 1969.

*Assoc. of Cleveland Fire Fighters*, 502 F.3d at 548. The Court's function "is not to weigh the evidence or assess the credibility of witnesses but rather to examine the complaint and determine whether the plaintiff has pleaded a cognizable claim." *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 452 (6th Cir. 2003) (internal citations omitted).

### B. Standard for Summary Judgment

Summary judgment is appropriate only when there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to the party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In

4

evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The non-moving party may not rest upon its mere allegations, however, but rather "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The mere existence of a scintilla of evidence in support of the non-moving party's position will not suffice. Rather, there must be evidence on which the jury could reasonably find for the non-moving party. *Hopson v. DaimlerChrysler Corp.*, 306 F.3d 427, 432 (6th Cir. 2002).

## III. Analysis

### A. Preemption of State-Law Claims

Defendant Fidelity first argues that Plaintiff's state-law claims are preempted by ERISA. This Court agrees. Plaintiff concedes that the contract underlying her state-law contract (breach of contract) and tort (negligent performance of contract) claims arise out of her ESOP/401k Plan. Contrary to Plaintiff's strained arguments here, these claims are governed by and preempted by ERISA. *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 57 (1987) (holding that ERISA preempts state-law contract and tort claims "asserting improper processing of a claim for benefits under an ERISA-regulated plan"). Accordingly, the claims asserted in Count I of Plaintiff's First Amended Complaint are dismissed.

### B. ERISA Claim for Breach of Fiduciary Duty

Defendant Fidelity next argues that Plaintiff has failed to state of claim for relief for a breach of fiduciary duty under §§ 1321(a)(2) and (a)(3) of ERISA. This Court agrees but for different reasons than those asserted by Defendant.

5

Plaintiff concedes that she is not alleging a denial of ERISA benefits.  In fact, she admits that she has already obtained all her ERISA plan benefits and that, during all times relevant to this lawsuit, she was not a plan participant or beneficiary under her former employer's ERISA plan.  Rather, Plaintiff claims that Defendant Fidelity was negligent in processing her requested stock certificate in connection with the roll-out of her ESOP/401k plan benefits and thus caused Plaintiff to suffer a loss in investment income that could have been earned on her rolled-out ERISA plan assets.  (Pl.'s Resp. at 6, 9.)  Even assuming that Defendant is a "fiduciary" as defined under ERISA and Plaintiff is not required to exhaust her administrative remedies, her breach of fiduciary claim seeking money damages under 29 U.S.C. § 1132(a)(2) fails.  Plaintiff fails to state a claim for relief under § 1132(a)(2) because she is not an ERISA plan beneficiary seeking recovery for losses to her ERISA plan caused by Defendant's breach of its fiduciary duties under ERISA.  This conclusion is based on the Supreme Court's decision in *Massachusetts Mutual Life Insurance Company v. Russell*, 473 U.S. 134 (1985), and the Sixth Circuit's recent decision in *Tullis v. UMB Bank, N.A.*, ___ F.3d ___, 2008 WL 215535 (6th Cir. Jan. 28, 2008).

In *Tullis*, the Sixth Circuit held "that the plain language and intent of ERISA permits an individual plan participant to seek recovery of losses due to a fiduciary breach."  2008 WL 215535 at * 1.  (rejecting a contrary holding by the Fourth Circuit Court of Appeals in *LaRue v. DeWolff, Boberg & Assoc., Inc.*, 450 F.3d 570 (4th Cir. 2006), *cert. granted*, ___ U.S. ___, 127 S. Ct. 2971 (2007)).  The *Tullis* plaintiffs were ERISA "plan participants within the meaning of 29 U.S.C. § 1002(7)" because they were "'eligible to receive a benefit' from the plan" and thus had "standing to sue under section [] 1132(a)."  *Id.* at *7 n.8.  The two plan participants sued the defendant UMB Bank alleging that it breached its fiduciary duties

6

under ERISA when it failed to inform them about fraudulent conduct that affected their ERISA plans and sought compensation for losses to their individual ERISA plans caused by the defendant's breach. Succinctly stated, the *Tullis* plaintiffs were alleging that the ERISA "plan in which they had invested their retirement savings would have had greater assets but for the defendant's actions." *Id.* at * 5.

The Sixth Circuit distinguished the facts presented in *Tullis* from those presented in *Russell* where the plaintiff sought "compensatory and punitive damages which were not payable to the plan for loss of plan assets but were rather payable directly to the individual as compensation for the *delay* in payments under a disability plan." *Id.* at * 6 (emphasis in original). It observed that "[t]he *Russell* Court specifically distinguished relief payable to the plan to recoup losses arising from mismanagement of plan assets – which is available under [§ 1132(a)(2)] – from relief to be paid directly to an individual as 'extracontractual' damages caused by a delay in the payment of a benefit." *Id.* Thus, in *Russell*, the Supreme Court was presented with "a situation where the damages were tangential to the plan" whereas in *Tullis*, the Sixth Circuit was presented with facts where the "recovery of losses due to mismanagement would inure to the plan before being allocated to the specific accounts affected by the alleged fiduciary breach." *Id.*

The Sixth Circuit in *Tullis* determined that recovery of money damages under § 1132(a)(2) is not dependent upon the number of plan participants seeking relief for an alleged breach of a fiduciary duty owed to plan participants. It does not matter "[w]hether one, ten or 1,000 participants are affected," as long as "the loss occurs to the plan." *Id.* at * 5. Accordingly, to determine whether the plaintiff has standing to assert a claim for relief under § 1132(a)(2) the Court must determine whether the money damages the plaintiff

7

seeks are tangential to the plan as in *Russell* or would be paid directly to the plan and then allocated to the plaintiff's individual accounts and then paid to him or her in the form of benefits as in *Tullis*.

Examining the facts alleged in Plaintiff's complaint, it appears that she is seeking money damages that are tangential to her ESOP/401k plan with her former employer Compuware. She concedes that she received all her benefits from that plan. Moreover, Plaintiff does not assert that she is a plan participant seeking to recover plan benefits caused by a plan-wide claims-processing problem. Thus, any money obtained on her ERISA breach of fiduciary claim would be paid to her directly; not to Compuware's ERISA plan, and then allocated to her individual ERISA plan account, and ultimately paid to her in the form of benefits. To illustrate this point, consider the following. If Compuware stock prices had increased during Defendant's delay in providing Plaintiff with a correct stock certificate, there would be no benefit to Compuware's ERISA plan. Rather, this increase in stock price would be realized solely by Plaintiff.

There is no claim here that Compuware's stock prices were manipulated or that the delay in processing Plaintiff's stock certificate was intentional. The facts alleged here are akin to those presented in *Russell* and unlike those presented in *Tullis*. Accordingly, Plaintiff cannot state a claim for relief under § 1132(a)(2). Moreover, because she is no longer a plan participant, Plaintiff does not have standing to seek plan-wide injunctive or equitable relief under § 1132(a)(3). The claims asserted in Count II of Plaintiff's First Amended Complaint are dismissed.

**IV. Conclusion**

For the foregoing reasons, Defendant's motion to dismiss is GRANTED, and this case is DISMISSED.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: February 8, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 8, 2008, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager